UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
REGGIE WILLIAMS,　　　　　　　　　　　　　　　　**SECOND AMENDED COMPLAINT**

　　　　　　　　　　　　　　　　　　　　　　　　　　　17 cv 4391 (ER)

　　　　　　　　　　　　　　　　　　　　　　　　　　　**ECF Case**

　　　　　　　　　Plaintiff,

　　　vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
LAURA CLAVIJO, LOUIS SCIALABBA,
JEFFREY MURPHY,　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**
in their individual and official capacities,

　　　　　　　　　Defendants.
-------------------------------------------------------------x

Plaintiff Reggie Williams, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This civil rights action arises from the illegal search and seizure, false arrest, and malicious prosecution of Reggie Williams ("Plaintiff"), who was lawfully selling comedy tickets in Times Square when police officers arrested him for doing so. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for illegal search and seizure, false arrest, malicious prosecution, and failure to intervene. Additionally, Plaintiff asserts a malicious prosecution claim under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and

1

punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2.   This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth Amendment to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4.   Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5.   Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    The individually named defendants Police Officer Laura Clavijo (Shield # 29199) ("PO Clavijo"), Police Officer Louis Scialabba (Shield 8087) ("PO Scialabba"), and Sergeant Jeffrey Murphy (Shield 3654) ("Sgt. Murphy") (collectively, the "individual

defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the Patrol Borough Manhattan South.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the City of New York – specifically, the Communications Unit of the NYC Law Department, Office of the Corporation Counsel – on April 28, 2017. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11. The City of New York failed to demand a hearing pursuant to General Municipal Law § 50-h.

12. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

**The Clear Legality of Selling Comedy Tickets on June 1, 2016**

13. On June 1, 2016, it was not necessary for a person selling comedy tickets in New York City to have a vending license.

14. New York City Administrative Code Section 20-453 ("AC 20-453") requires general vendors who sell goods or services to have a vending license.

15. On June 1, 2016, it was clearly established law in New York City that under AC 20-453, a person does not sell goods or services when he or she merely sells tickets to a form of entertainment, such as a sporting event or comedy show.

16. On June 28, 2016, New York City Mayor Bill de Blasio signed a bill into law requiring comedy ticket sellers to apply for and display a license while working. That law went into effect later in 2016.

**Plaintiff's Arrest for Selling Comedy tickets on June 1, 2016**

17. On June 1, 2016, around 3:45 p.m., Plaintiff was outside 1540 Broadway, in front of Forever 21 clothing store, in Times Square, New York City, selling tickets to stand-up comedy shows.

18. Plaintiff was selling legitimate comedy tickets honestly and professionally; in no way did he misrepresent information or try to scam people.

19. There was no signage in the area prohibiting or regulating the sale of comedy tickets.

20. Plaintiff has been selling comedy tickets for the LOL Comedy Club and Comic Strip Live in Times Square since 2014.

21. Prior to June 1, 2016, Plaintiff had never gotten in trouble for selling comedy tickets.

22. Suddenly, around 3:45 p.m., two male police officers – PO Scialabba and Sgt. Murphy – approached Plaintiff.

23. The officers asked Plaintiff for his "license."

24. Plaintiff showed the officers his driver's license.

25. The officers saw the tickets Plaintiff was selling for the Comic Strip Live, and they asked him who owns the club.

26. Plaintiff truthfully informed the officers of who the club owner was, but the officers told Plaintiff that he was wrong.

27. One of the officers then called Comic Strip Live by dialing the number on the comedy tickets.

28. The officers informed Plaintiff that he was not supposed to sell comedy tickets without a license.

29. After a brief conversation between the two male officers and Plaintiff, PO Clavijo came to the scene and handcuffed Plaintiff.

30. At no point prior to being handcuffed did Plaintiff do anything that could be perceived as unlawful or suspicious.

31. After Plaintiff was handcuffed, PO Clavijo transported Plaintiff to a police van.

32. PO Clavijo and an unknown male officer drove Plaintiff to a nearby police precinct.

33. On the way to the precinct, PO Clavijo searched Plaintiff and found a small quantity of marijuana in Plaintiff's pocket, along with a pipe.

34. At the precinct, Plaintiff was searched, fingerprinted, photographed, and detained.

35. After a few hours in the precinct, Plaintiff was issued a Desk Appearance Ticket, which ordered him to appear in New York County Criminal Court at Midtown Community Court.

**Plaintiff's Prosecution for Selling Comedy tickets on June 1, 2016**

36. When he appeared in Midtown Community Court, Plaintiff was charged with unlicensed vending (a misdemeanor) and possession of marijuana (a violation).

37. Plaintiff was prosecuted under Docket Number 2016CN004191.

38. The Criminal Court Complaint, sworn to by PO Clavijo, stated that she "observed the defendant [Plaintiff] display and offer for sale assorted comedy tickets. At the time of [her] observation, the defendant was not displaying a license issued by the Department of Consumer Affairs and could not produce one when asked."

39. Plaintiff pled not guilty.

40. Plaintiff was ordered to make approximately three court appearances in Criminal Court before his case was finally dismissed on March 8, 2017 under speedy trial provisions.

**NYPD's Failure to Supervise**

41. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

42. Proportionate and appropriate discipline sends a message to NYPD officers

that they are not above the law and are accountable to the people whom they serve.

43. But NYPD officers usually face only minor discipline or no discipline whatsoever for making false arrests or initiating malicious prosecutions.

**Damages**

44. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

> a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;
>
> b. Severe emotional trauma, distress, degradation, and suffering.

## SECTION 1983 CLAIMS

## FIRST CLAIM

### Illegal Search Under Section 1983

45. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful searches.

47. Without probable cause, a warrant, or consent, the individual defendants searched Plaintiff's pocket, where Plaintiff had an expectation of privacy.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### False Arrest Under Section 1983

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

51. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

52. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Malicious Prosecution Under Section 1983

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. By the actions described, the Defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from malicious prosecution.

56. Without probable cause, the individual defendants maliciously and actively initiated a baseless criminal proceeding against Plaintiff.

57. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

58. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Unlawful Seizure Under Section 1983

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. By the actions described above, Defendants deprived Plaintiff of his federal civil rights, including his Fourth Amendment right to be secure in his person against unreasonable seizures.

61. As detailed above, the individual defendants intentionally stopped and detained Plaintiff without reasonable suspicion, and without privilege or consent.

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FIFTH CLAIM

### Failure to Intervene Under Section 1983

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

65. PO Scialabba and Sgt. Murphy failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

66. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

**Malicious Prosecution Under N.Y. State Law**

67. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

68. As detailed above, the individual defendants intentionally and with actual malice initiated a misdemeanor prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

69. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

**Respondeat Superior Under N.Y. State Law**

70. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

71. Defendant City is the employer of the individual defendants.

72. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

73. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a.    An order awarding compensatory damages for Plaintiff Reggie Williams in an amount to be determined at trial;

    b.    An order awarding punitive damages in an amount to be determined at trial;

    c.    A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d.    Such other and further relief as this Court may deem appropriate.

DATED:    November 20, 2018    _____s/_____
    New York, New York    CYRUS JOUBIN, ESQ.
    43 West 43rd Street, Suite 119
    New York, NY 10036
    (703) 851-2467
    joubinlaw@gmail.com
    Attorney for Reggie Williams